IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Hayward L. Rogers, #578210,** | ) | **Case No. 2:16-cv-3064-TMC-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Larry Cartledge, Warden,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Pending is the *pro se* prisoner Plaintiff's 68-page petition pursuant to 28 U.S.C. § 2241. Petitioner is a state prisoner incarcerated at Broad River Correctional Institution in South Carolina. He is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the record and to submit findings and recommendations to the District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

**I.  Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

Petitioner's repetitive filing history will be summarized as succinctly as possible. This habeas action (like numerous other filings by Plaintiff) pertains to his 2001 criminal convictions in state court. Specifically, in February of 1999, the Grand Jury for Lexington County, South Carolina, indicted Petitioner for multiple criminal offenses, including two counts of first degree criminal sexual conduct (Indictment Nos. 1999-GS-32-815 and 1999-GS-32-818), kidnaping (Indictment No. 1999-GS-32-813), strong armed robbery (Indictment No. 1999-GS-32-814), and assault and battery with intent to kill (Indictment No. 1999-GS-32-819). Petitioner received a jury trial, and on September 21, 2001, the jury convicted him of these offenses. He was sentenced to fifteen (15) years imprisonment for the strong armed robbery conviction, and life imprisonment without parole pursuant to South Carolina Code § 17-25-45(A) for each remaining conviction, to

run concurrently. On August 9, 2004, the South Carolina Court of Appeals affirmed the convictions and sentences. *See State v. Rogers*, 361 S.C. 178, 603 S.E.2d 910 (Ct. App. 2004).

While his direct appeal was pending, Plaintiff filed a federal habeas petition, which the District Court dismissed without prejudice for lack of exhaustion of state remedies. See D.S.C. Case No. 8:02-cv-3820. Plaintiff then filed second, third, and fourth petitions, which were all summarily dismissed for the same reason. See D.S.C. Case Nos. 8:03-cv-2745; 8:03-cv-3050; 8:04-cv-512. The Fourth Circuit Court of Appeals dismissed the Plaintiff's appeals regarding the third and fourth petitions. *See Rogers v. McMaster*, 115 F. App'x 156 (4th Cir. 2004); *Rogers v. Rushton*, 124 F. App'x 812 (4th Cir. 2005), *cert. denied*, 546 U.S. 863 (2005).

In October of 2004, Plaintiff filed an application for state post-conviction relief ("PCR"), raising various issues, including that a sample of his blood had allegedly been obtained by an unqualified nurse, and that this amounted to an "unconstitutional search and seizure." (See Lexington County Court of Common Pleas, Case No. 2004-CP-32-3932). Plaintiff then filed a fifth federal habeas petition in 2005 (D.S.C. Case No. 8:05-cv-1555), a sixth petition in 2006 (D.S.C. Case No. 8:06-cv-2724), a seventh petition in 2007 (D.S.C. Case No. 8:07-cv-947), and an eighth petition in 2008 (D.S.C. Case No. 8:08-cv-2883), all of which were summarily dismissed. After the filing of Plaintiff's eighth unexhausted habeas petition, the District Court imposed a filing injunction, holding that:

> [T]he court has carefully reviewed the entire record and concludes that a pre-filing injunction is warranted in this case.... Petitioner's multiple habeas corpus actions filed during the pendency of his direct appeal and application for post-conviction relief are duplicative and vexatious, causing the needless expense of court resources and time. The court finds that Petitioner's habeas claims are without merit because Petitioner has again failed to exhaust his state remedies despite repeated encouragement by this court to do so. The court also finds that alternative sanctions would not be effective in deterring Petitioner from filing yet another habeas corpus action prior to the resolution of his PCR appeal. Therefore, the

>court concludes that a pre-filing injunction, limited to additional habeas corpus actions attacking Petitioner's September 21, 2001 conviction and sentence, is warranted.

*See Rogers v. Rushton*, Case No. 8:08-2883-MBS-BHH, 2010 WL 478826 (D.S.C. Feb. 4, 2010). The Fourth Circuit Court of Appeals dismissed the Plaintiff's appeals of the summary dismissals of several unexhausted habeas petitions. *See Rogers v. Rushton*, 2006 WL 1827999 (4th Cir. 2006); *Rogers v. Rushton*, 2008 WL 2611332 (4th Cir. 2008).

After a hearing, the state court dismissed the Petitioner's PCR application on August 20, 2009. (See Lexington County Common Pleas Court Case No. 2004-CP-3203932). Ultimately, the South Carolina Supreme Court issued remittitur on August 24, 2012. Petitioner filed multiple duplicate PCR applications that were untimely. (See Lexington County Common Pleas Court Case Nos. 2004-CP-3204143; 2010-CP-3203792). The Petitioner has continued to file repetitive PCR applications. (See Lexington County Common Pleas Court Case No. 2010-CP-3203237, Order of Dismissal dated April 29, 2016).

Meanwhile, on July 6, 2012, Plaintiff filed his ninth federal habeas petition, raising twenty-three (23) issues, including alleged "actual innocence." The Magistrate Judge recommended that Plaintiff's "actual innocence" argument was meritless (i.e. Plaintiff had alleged that DNA evidence was "suppressed" by counsel, when in fact, the record in open court plainly showed otherwise). On May 29, 2013, this District Court denied habeas relief and dismissed the petition with prejudice. *See Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH (DE# 68, Order), 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). Plaintiff then filed a tenth federal habeas petition. See D.S.C. Case No. 14-cv-3745-TMC-WWD. Petitioner voluntarily dismissed such petition after the Magistrate Judge entered a Report and

Recommendation pointing out that such petition was an unauthorized "successive" petition subject to summary dismissal.

Plaintiff also inappropriately attempted on multiple occasions to challenge his 2001 convictions by means of civil actions under 42 U.S.C. § 1983. Such civil cases were summarily dismissed. See D.S.C. Case No. 3:14-cv-4271-TMC-WWD (summarily dismissing § 1983 action against eight defendants, including assistant state attorney general and prosecutor, and explaining that Plaintiff could not challenge his 2001 criminal convictions by means of a § 1983 action); D.S.C. Case No. 2:15-cv-1886-TMC-MGB (summarily dismissing § 1983 action against state attorney general and state judge).

Having failed to obtain permission from the Fourth Circuit Court of Appeals to file a successive habeas § 2254 petition, Petitioner now seeks to challenge his 2001 conviction by means of a petition that he has labeled as a petition pursuant to 28 U.S.C. § 2241.

### III.  Discussion

Although Petitioner has labeled his present petition as one brought pursuant to § 2241, review of the petition indicates that Petitioner is attempting to bring an unauthorized successive petition pursuant to 28 U.S.C. § 2254. Petitioner does not indicate, and the record does not reflect, that he has sought permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. Petitioner appears to be characterizing his present petition as a § 2241 petition in an effort to circumvent the requirement of obtaining permission to file a successive § 2254 petition.

Plaintiff has previously and unsuccessfully litigated his habeas claims. See Case No. 2-12-cv-1858-TMC-BHH (dismissing habeas petition with prejudice). If Plaintiff wishes to file a successive habeas petition, he must apply to the Fourth Circuit Court of Appeals for permission to do so. See 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by

this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Plaintiff indicates that the Fourth Circuit Court of Appeals has already denied permission for him to file a successive habeas petition. Plaintiff may not circumvent such ruling or the applicable statute by re-labeling his petition under another statute and then re-asserting the same previously-adjudicated claims.

In fact, Petitioner has previously requested that this District Court "Consider the Filing of Second 28 U.S.C. § 2254 Application." This Court instructed Petitioner that it lacked jurisdiction to consider such request. As petitioner has previously been instructed, in this federal circuit, and pursuant to 28 U.S.C. § 2244, only the Fourth Circuit Court of Appeals is authorized to consider the Plaintiff's request to file a successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition, citing § 2244(b)(3)(A)).

Review of the Petitioner's attached "Grounds for Relief" confirms that the Petitioner is once again attempting to challenge his 2001 state conviction and sentence on duplicative previously-adjudicated grounds. Although the Petitioner has labeled the instant petition as one pursuant to 28 U.S.C. § 2241 and suggests (inaccurately) that it concerns "parole," (DE# 1, ¶ 1), he then repeats prior arguments that have nothing to do with parole. For example, Petitioner contends that with respect to his 2001 conviction, there is "newly discovered evidence which supports I did not have a fair trial, and SLED's DNA results (sic) which proves my DNA did not match the blood found on the Victim's sweater and that my DNA did not match in this case." (*Id.*). Petitioner's arguments challenge his 2001 conviction, and do not concern parole matters that might otherwise be cognizable on § 2241. The relief sought by Petitioner confirms that his petition has

nothing to do with parole matters. Specifically, Petitioner wants this Court to "order a new sentencing hearing" or a new trial. (DE# 1-1 at 4).

Moreover, this Court has previously rejected the Petitioner's present arguments on the merits. For example, in Grounds 22-23 of his ninth habeas petition, Plaintiff had similarly alleged that the prosecutor and defense counsel had "suppressed discovery of SLED's DNA results." The District Court found no merit in such allegation and denied habeas relief. *See Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH (DE# 68, Order of May 29, 2013), 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). Petitioner also complains that his "PCR case 2012-CP-32-3237 failed to address newly discovered evidence and respondent and petitioner misrepresented the law and facts causing the application to be dismissed as successive." (DE# 1 at 9, ¶ 15). His arguments about purported "newly discovered evidence" regarding the DNA tests have been considered and rejected previously, and may not be re-asserted here in the guise of a § 2241 petition. Very simply, Plaintiff may not reassert previously-adjudicated habeas claims. Petitioner may not re-assert the same arguments under a different label.

Moreover, the Fourth Circuit Court of Appeals has recently explained that:

> [R]egardless of how they are styled, federal habeas petitions of prisoners who are "in custody pursuant to the judgment of a State court" should be treated as "applications under section 2254," for purposes of § 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3). In reaching this decision, we are persuaded by the plain language of the statutes and the context and purpose of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

*In re Wright*, 826 F.3d 774, 779 (4th Cir. June 21, 2016) (holding that although state prisoner had styled his repetitive habeas petition as a § 2241 petition, such petition did not meet the requirements for authorization for a second or successive federal habeas application and was

subject to dismissal) (citing 28 U.S.C.A. §§ 2241, 2244(b), 2244(b)(3), 2254); *and see, e.g., Goodman v. Warden*, -- F.App'x --, 2016 WL 4087914, *1 fn.1 (4th Cir. Aug. 2, 2016) (observing that although the petitioner argued "that the district court erred in refusing to consider his petition under 28 U.S.C. § 2241 (2012), his argument is squarely foreclosed by our recent decision in *In re Wright*); *Harris v. Dunlap,* Case No. 0:16-858-HMH-PJG, 2016 WL 4697847 (D.S.C. Sept. 8, 2016) (dismissing habeas petition labeled as a § 2241 petition, without prejudice and without requiring the Respondent to file a return, because such petition was "second or successive" and was subject to the second-or-successive authorization requirement set forth in [28 U.S.C.] § 2244(b)(3)). In sum, the present Petitioner must apply to the Fourth Circuit Court of Appeals for permission to file a successive habeas petition. This Court lacks jurisdiction to consider an unauthorized successive habeas petition.

## IV. Certificate of Appealability ("COA")

Before a prisoner seeking relief under § 2254 may appeal a district court's denial or dismissal of the petition, he must first seek and obtain a COA from a circuit justice or judge, 28 U.S.C. § 2253. Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a petitioner's constitutional claims are dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001).

At least one of Petitioner's prior § 2254 petitions was dismissed on the merits. The present petition again challenges the Petitioner's 2001 conviction, and is an attempt to bring an unauthorized successive § 2254. In light of the record, the undersigned recommends that jurists of reason would not find this procedural ruling debatable. Moreover, Petitioner cannot bring a petition under § 2241 merely because he did not obtain relief under § 2254. The undersigned recommends that jurists of reason would not find this procedural ruling debatable. The undersigned further recommends that jurists of reason would also not debate whether the petition states a valid claim of denial of any constitutional right. This Petition does not meet the criteria for issuance of a COA.

## IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return; a certificate of appealability should not be issued.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 14, 2016
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).