IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hayward L. Rogers, #578210, | ) | |
| | ) | C/A No. 2:16-3064-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Larry Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Hayward L. Rogers' ("Rogers") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No.1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report") recommending Petitioner's petition be summarily dismissed without prejudice and without issuance and service of process. (ECF No. 7). Rogers was advised of his right to file objections to the Report. (ECF No. 7 at 10), and he filed timely objections. (ECF No. 12).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific

objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the Magistrate Judge summarized Roger's criminal history and previous filings with this court (Report at 2-5). The Magistrate Judge noted that Rogers has filed nine federal habeas petitions in which he has attempted to challenge his 2001 state convictions.[1] After reviewing the instant petition, the Magistrate Judge concluded that, although Rogers contends he is proceeding with a habeas petition under 28 U.S.C. § 2241, the petition is actually a petition pursuant to §2254 in which Rogers seeks to challenge his 2001 convictions. (Report at 5-6). Further, the Magistrate Judge noted that because Rogers has not obtained permission from the Fourth Circuit Court of Appeals to file a successive habeas § 2254 petition, this court lacks jurisdiction and the petition should be dismissed. (Report at 7).

In his objections, Rogers generally argues that the Magistrate Judge erred by not addressing his claims on the merits. Further, he contends that because he is filing a § 2241 petition that he does not need prior authorization for the Fourth Circuit Court of Appeals.

The Magistrate Judge is correct in her opinion that the claims raised in this § 2241 petition are actually successive § 2254 challenges to Rogers' 2001 conviction. As Rogers has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. *See* 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

---

[1] The Magistrate Judge also noted that Rogers has attempted on multiple occasions to challenge his 2001 convictions by filing complaints pursuant to 42 U.S.C. § 1983. (Report at 7).

2

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Roger's objections are without merit and adopts the Report. Accordingly, Rogers' petition is summarily **DISMISSED** without prejudice and without issuance and service of process.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 20, 2017